IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 13-cr-00439-CMA

---

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TIMOTHY J. STUBBS,

Defendant.

---

Proceedings before MICHAEL J. WATANABE, United States Magistrate Judge, United States District Court for the District of Colorado, commencing at 10:21 a.m., June 18, 2014, in the U.S. Courthouse, Denver, Colorado.

---

WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

---

APPEARANCES

LORI HENDRICKSON, U.S. Department of Justice, appearing for the government.

RICHARD BEDNARSKI, Attorney at Law, appearing for the defendant.

---

DETENTION HEARING

P R O C E E D I N G S

(Whereupon, the within electronically recorded proceedings are herein transcribed, pursuant to order of counsel.)

(TRANSCRIBER'S NOTE: The audio recording of this hearing started about one minute into the hearing.)

MR. STUBBS: I'm not the person named on that Indictment.

THE COURT: Okay.

MR. STUBBS: Okay. I do not accept counsel for my benefit, as was previously appointed, and that was done by the previous trustee.

THE COURT: What is your name?

MR. STUBBS: My name?

THE COURT: Yeah.

MR. STUBBS: As a proper pronoun, my name is capital T, lower case I-M-O-T-H-Y; capital J, lower case O-H-N of the family Stubbs, and that's capital S-T-U-B-B-S.

THE COURT: So you are Timothy Stubbs?

MR. STUBBS: No, I'm the living man and the living beneficiary of the trust, the trust known as the -- as you have it in the Indictment, the all capital spelling, Timothy J. Stubbs, who's defined as the defendant, which is the defendant trust, and I'm the living beneficiary of that trust. I am not the person charged.

THE COURT: You may be the living beneficiary of the trust, but you also should have a name.

MR. STUBBS: That -- that is a corporate fiction that was assigned by --

THE COURT: You're not a corporation, sir.

MR. STUBBS: I am not a corporation, that is absolutely correct, I'm a living man, flesh and blood man --

THE COURT: Right, and --

MR. STUBBS: -- and not the corporation that has been charged in this matter.

THE COURT: Okay. Thank you.

Mr. Stubbs' case is before the Court for a number of matters this morning. First off, let's address the Indictment. It was under seal, under restricted access. I take it the government is asking that the Indictment be unsealed at this point.

MS. HENDRICKSON: Yes, Your Honor.

THE COURT: All right. On the government's motion, the Indictment in this case is ordered unsealed at this point.

The second issue we need to address with Mr. Stubbs relates to counsel. In reviewing the court file, Judge Hegarty had appointed the advisory counsel who's present this morning. There was some indication that Mr.

Stubbs may wish to present -- represent himself without counsel. The government then filed --

MR. STUBBS: I object, Your Honor. I don't represent myself --

THE COURT: Just -- just a moment, sir.

MR. STUBBS: -- I present myself.

THE COURT: Excuse me.

MR. STUBBS: Thank you.

THE COURT: Please do not interrupt the Court, and I won't interrupt you.

MR. STUBBS: I'm sorry.

THE COURT: I expect common courtesy from you and all counsel. Is that clear?

MR. STUBBS: I -- I understand --

THE COURT: No, just answer my question.

MR. STUBBS: -- what you're asking, sir.

THE COURT: Is that clear, sir?

MR. STUBBS: That is clear to me, and I --

THE COURT: Okay.

MR. STUBBS: -- appreciate the same from you. Thank you.

THE COURT: I am trying to be courteous to you, okay?

So the government has filed a notice of potential need for a Faretta hearing, which relates to whether or not

you wish to retain counsel on your own, so I need to ask you: Apparently there was -- and I was not handling your case earlier, Judge Hegarty was, do you recall that hearing?

MR. STUBBS: Yes, I do.

THE COURT: Okay. And do you recall Judge Hegarty had appointed counsel who's present as an advisory attorney for you, sir?

MR. STUBBS: I was trying to correct that presumption, and I do not accept that. I do not need counsel --

THE COURT: Okay.

MR. STUBBS: -- because I'm not the trust that's being charged in this matter, I'm a living flesh and blood man.

THE COURT: Okay.

MR. STUBBS: I was under duress at that time, and I was not able to, you know, use the full faculties of my mind, as I had been transferred the day before and had very little sleep and was not able to respond correctly at the time, so I wanted to correct that for the record.

THE COURT: Are you suggesting to the Court that you're suffering from a mental disease and defect?

MR. STUBBS: Absolutely not.

THE COURT: Okay.

MR. STUBBS: At the last hearing I had been

transferred from Oklahoma City, and I was just very tired and was not fully awake.

THE COURT: Okay. Are you fully awake this morning?

MR. STUBBS: Yes, I feel fine today. Thank you.

THE COURT: Do you understand everything I've said to you thus far?

MR. STUBBS: I comprehend what you're saying so far, yes.

THE COURT: Okay. So you don't have any diagnosis of any mental disease or defect that you're aware of, is that right?

MR. STUBBS: No, I do not, and I never have.

THE COURT: Okay. So let me just ask you: Do you wish to have counsel who's present continue to represent you in this case?

MR. STUBBS: No, I do not. I --

THE COURT: Okay.

MR. STUBBS: -- do not need counsel to represent me. I'm the living man and beneficiary of the trust, only the defendant trust would need representation.

THE COURT: Okay. So you want counsel to withdraw, I take it?

MR. STUBBS: Well, the fact that they were withdrawn means that you're the trustee in this matter,

correct?

THE COURT: No, the fact that the lawyer withdraws means you will proceed without an attorney, that's what it means.

MR. STUBBS: Okay. Well, we can proceed without an attorney, I do not need representation. I present myself as a living man in this matter.

THE COURT: And you do have a constitutional right to represent yourself, sir.

MR. STUBBS: I'm not representing myself, I present myself.

THE COURT: Okay. You have a right to present yourself before the Court.

MR. STUBBS: Okay.

THE COURT: Is that what you wish to do?

MR. STUBBS: Well, to the degree that under duress I'm forced into this manner, you know, the bottom issue here is I'm not the person you're looking for.

THE COURT: Well, we'll address that later. The question right now we're addressing is whether or not you wish to have counsel to assist you.

MR. STUBBS: This counsel may be dismissed.

THE COURT: Okay. So you wish to -- you wish to present yourself to the Court without the assistance of counsel?

MR. STUBBS: As a living man and beneficiary of the trust, yes.

THE COURT: As a living man and beneficiary of the trust, which the trust is capital T, capital I, capital M, capital O, capital T, capital H, capital Y, capital J period, capital S, capital T, capital U, capital B, capital B, capital S, correct?

MR. STUBBS: Correct.

THE COURT: Because that's what you told me, right?

MR. STUBBS: Yes.

THE COURT: Okay. Counsel, you're excused at this point. You're ordered withdrawn by the Court, the defendant wishes to proceed pro se on his own.

Now, sir, do you understand by --

MR. BEDNARSKI: Thank you, Your Honor.

THE COURT: -- representing yourself, or what you believe is your trust, you'll have to comply with all Rules of Criminal Procedure and the Rules of Evidence in this court, do you understand that?

MR. STUBBS: Well, I don't know that I know all those rules, and --

THE COURT: Well, whether you know them or not, do you understand that you would have to comply with those rules? Do you understand that?

MR. STUBBS: Well --

THE COURT: Well, either you understand or you don't, sir.

MR. STUBBS: Yeah, I comprehend what you're saying.

THE COURT: Okay. So you hear what I'm saying, right?

MR. STUBBS: Yes.

THE COURT: Okay. I just want to make sure we're communicating here.

MR. STUBBS: Yes. Thank you.

THE COURT: Okay. All right.

And you understand you have a constitutional right to represent yourself in your presentment in this case, do you understand that?

MR. STUBBS: Um --

THE COURT: You told me you did earlier --

MR. STUBBS: Yes.

THE COURT: -- so I want to make sure you do.

MR. STUBBS: Yes, I do.

THE COURT: Okay. So that's yes, isn't it? Is that a yes?

MR. STUBBS: Yes.

THE COURT: Okay.

MR. STUBBS: As a living man I understand I can present myself.

THE COURT: What's your educational level, sir?

MR. STUBBS: I completed high school.

THE COURT: Okay. Have you ever represented yourself in court before?

MR. STUBBS: No.

THE COURT: What makes you think you can represent yourself in this court, sir?

MR. STUBBS: Well, the fact of the matter is, to me that -- is -- to my knowledge is that you're the trustee in this matter.

THE COURT: No, I'm one of the trial court judges, I'm not the trustee.

MR. STUBBS: Okay. Well, if you're operating this hearing, then you're acting as the trustee in this matter.

THE COURT: I'm acting as the trial court judge presiding over this case.

MR. STUBBS: Okay.

THE COURT: Is that clear?

MR. STUBBS: Yes.

THE COURT: Okay. And you told me you have a 12th grade education, but you didn't answer my question. Have you represented yourself before in any legal action?

MR. STUBBS: No, I haven't.

THE COURT: What makes you think you can represent yourself in this case, sir?

MR. STUBBS: Well, because what I understand is

that I'm not the person charged here, and --

THE COURT: Okay. Well, we'll discuss that, but do you understand that the charges have been brought against you, and there's multiple ---

MR. STUBBS: I understand --

THE COURT: Well --

MR. STUBBS: -- the charges have been brought against the defendant trust.

THE COURT: Please use some courtesy with the Court.

MR. STUBBS: I'm sorry, I thought you were finished.

THE COURT: Okay. Multiple charges have been brought against you in this Indictment for tax evasion, for failure to file both corporate and individual income taxes. There's actually eight counts brought against you. Now, you need to understand, as Judge Hegarty appears to have advised you earlier, that you face potential prison for these charges. As to each charge in Count 1 and 2, which are the tax evasion charges, you face up to five years' imprisonment, which means to the Bureau of Prisons, and up to a $250,000 fine per count, and up to three years of supervised release, and a $100 special assessment fee. So I want to make sure you understand the consequences of representing yourself. Do you understand those possible

penalties as to Counts 1 and 2, sir?

MR. STUBBS: I understand those, but --

THE COURT: Okay. Now, you're also charged in Counts 3 through 8 with separate counts of failure to file either individual or corporate -- meaning corporation -- income taxes. So those are Counts 3 through 8, and you face up to year incarceration in the Bureau of Prisons, up to a $100,000 fine, or both, up to one year supervised release, and a $25 special assessment fee as to each count. Do you understand that, sir?

MR. STUBBS: I understand all these charges have been brought against the defendant trust, yes.

THE COURT: Okay. Where did you lodge this trust?

MR. STUBBS: Excuse me?

THE COURT: Where did you lodge your trust that you suggest you have? Where is this trust instrument?

MR. STUBBS: I did not create the trust, the trust was created.

THE COURT: By who?

MR. STUBBS: As far as I understand it, by --

THE COURT: Did some lawyer create some trust for you?

MR. STUBBS: No, there's a constructive trust that was created and has been maintained over the years via a number of methods.

THE COURT: A constructive trust is a remedy in a civil action that can be ordered by the court --

MR. STUBBS: Okay. I'm sorry, I misspoke.

THE COURT: -- that has authority to form a constructive trust. You can't create a constructive trust.

MR. STUBBS: No, I did not create the trust.

THE COURT: Okay. Well, tell me how it got created then, sir.

MR. STUBBS: Well, I'm not here to testify about how it got created, I just know that it's in effect.

THE COURT: How do I know it's in effect?

MR. STUBBS: How do you know that it's not?

THE COURT: How do I know it's in effect? Because I haven't seen any trust instrument.

MR. STUBBS: Well --

THE COURT: So you expect me to just guess?

MR. STUBBS: No, I understand that this is how the whole system is operating is based on these trusts, and getting people --

THE COURT: Do you expect the Court to guess that you have a trust when I have not seen a trust instrument in writing?

MR. STUBBS: Well, there's --

THE COURT: There's an old saying, sir, dreams can be nice, but we all must wake up some day. There is no such

thing.

MR. STUBBS: So you're saying there is no trust?

THE COURT: You show me the trust, and I'll look and see if you have a trust, that's why I asked you the question.

MR. STUBBS: Well, there are various different types of trusts, I know, but I know a trust was formed.

THE COURT: Who told you that?

MR. STUBBS: Well, I've seen it demonstrated in many forms, and I've seen it happening for many years, and I understand that this is the way the system is set up to work.

THE COURT: So you're telling me there's a trust that you've never seen that involves you?

MR. STUBBS: Well, I don't know. I -- you know, I haven't seen any specific --

THE COURT: Well, let me make sure I'm clear.

MR. STUBBS: No, it does not involve me, it involves Timothy J. Stubbs, which is the name on the Social Security card in all capitals, and that is what has been established to mean that it -- that is a corporate entity, that is another person, that is not me.

THE COURT: Okay. If you're a corporate entity --

MR. STUBBS: I'm not the corporate entity.

THE COURT: Well, even if the trust is a corporate

entity, they have to be incorporated within some state, so tell me which state it's incorporated in, sir.

MR. STUBBS: Well --

THE COURT: You have to register it with the Secretary of State.

MR. STUBBS: I would assume the original trust was formed approximately seven days after my birth in the state of Indiana.

THE COURT: Sir, we don't -- in this court I don't assume anything. You know why? Because assuming things makes an ass out of me and you, okay? We don't do that.

So you tell me where this particular trust corporation that you're claiming is incorporated. Is it in the state of Colorado, some other state?

MR. STUBBS: I --

THE COURT: We'll check it out, I can look on the computer and check the Secretary of State website in every single state in the Union, plus the District of Columbia, and I can find out by the name of this trust whether or not it's a valid trust corporation or not.

MR. STUBBS: I believe it was done by the Social Security Administration, and it was done in the District of Columbia. They assigned the number to that trust, and continue to operate, you know, that trust.

THE COURT: Social Security is not in a habit of

creating trusts for individuals.

MR. STUBBS: Well, it's not an individual --

THE COURT: I work with the Social Security Administration daily in this court, sir, it's a federal agency. But it seems like we're going around and around in circles, and we're getting nowhere, and I don't plan on getting nowhere.

MR. STUBBS: Okay.

THE COURT: Now, you represent yourself in this matter at this point, since you've chosen to represent yourself, and I will find that you have waived your right to counsel freely, voluntarily and knowingly and intelligently after being fully advised by the Court.

So my second question now on that issue is: Do you intend to retain a private attorney to assist you in this case?

MR. STUBBS: At this time, I do not.

THE COURT: Okay. That's fine.

Now, you're before the Court for arraignment. Do you wish me to reread the charges brought against you and your rights at this point, or do you recall those read to you and advised by Judge Hegarty at your previous hearing?

MR. STUBBS: No, you don't need to reread them.

THE COURT: And what is your pleas, then, to those charges brought against you in the Indictment, which are

Counts 1 through 8 which I just went over with you?

MR. STUBBS: Well, Your Honor, I object, there has been no ratification and commencement in the matter, and I cannot enter a plea.

THE COURT: Okay. The Court enters a not guilty plea on your behalf to protect your constitutional rights to Counts 1 through 8, inclusive, as to all counts in the Indictment, and I will also accept your waiver of any further reading or formal advisement of rights on the Indictment.

MR. STUBBS: Sir, I accept for value this entire matter and proceeding, then.

THE COURT: Pardon me?

MR. STUBBS: I accept for value this entire matter and proceeding.

THE COURT: What does that mean?

MR. STUBBS: Well, I'm not here to explain that to you, but --

THE COURT: Well, it's not --

MR. STUBBS: -- I do want that on the record.

THE COURT: You can have it on the record, but it's nonsensical, so I don't understand what you're talking about.

MR. STUBBS: You know, I don't believe it is nonsensical. There is --

THE COURT: All right.

Do you have your Discovery Order, Counsel?

MS. HENDRICKSON: Yes, Your Honor, I tendered it.

THE COURT: Do you want to tender that to the Court?

Oh, I have it. Just a moment.

(Pause in the proceedings)

THE COURT: All right. I'll need counsel for the government to sign the discovery order. If you'd come forward, please. And, Ms. Miller -- or, Marshal, I'm going to need to have Mr. Stubbs sign that as well. If you want to sign there, and I'll show him where he needs to sign.

MR. STUBBS: Your Honor?

THE COURT: Yes, sir.

MR. STUBBS: I've only received a photocopy of the Indictment --

THE COURT: Okay.

MR. STUBBS: -- and I would require, please, to have this certified.

THE COURT: Okay. Give me just a minute. I need you to sign the Discovery Order, because that sets the deadlines for speedy trial that I'm going to set and when discovery needs to be complete, and it hasn't been signed by you, so I'll need you to sign that, and I'll have the marshal do that for you, tender it to you for signature.

(Pause in the proceedings)

THE COURT: Thank you. Okay.

MR. STUBBS: And the Indictment, Your Honor, this photocopy that I have, I would like to have it certified, please.

THE COURT: Give me just a moment.

MR. STUBBS: Okay.

THE COURT: We'll take care of that.

(Pause in the proceedings)

THE COURT: All right. The Court has reviewed the Discovery Order as tendered at this point, I have added the following information to it. First, the speedy trial dates, those are as follows under Roman Numeral paragraph 4: The 30-day minimum speedy trial date is July the 18th, 2014; the 70-day speedy trial date is August 22nd, 2014; the 90-day in custody is September 11, 2014.

Now, the government shall provide discovery to the defendant by June 25, 2014. Reciprocal discovery by defendant to the government shall be provided to the government by July 18, 2014. With those additions to the Discovery Order, the Court at this time will approve the discovery order as amended this morning on the record, it is made an order the Court, and a copy of the Discovery Order will be sent to Mr. Stubbs, a copy will be provided by e-notice to the government.

Mr. Stubbs, hand your Indictment to the marshal, please.

THE COURT: Thank you.

(Pause in the proceedings)

THE COURT: All right. The Court has now entered the certification on the Indictment, which reads: July -- June 16 (sic), 2014, I certify as an officer of this court that this is a true and correct copy of the Indictment against Timothy J. Stubbs. By the Court, Michael J. Watanabe, United States Magistrate Judge, District of Colorado.

There you go, sir.

All right. Now, Mr. Stubbs, do you have a copy of the detention report that was done, first, out of the United States District Court for the Southern District of Texas sitting in Houston, Texas, and then there was an Addendum done by this court, meaning the United States District Court for the District of Colorado? Did you receive copies of both of those?

MR. STUBBS: I'm sorry, Your Honor, I was busy with something here. One moment, please.

THE COURT: Okay.

(Pause in the proceedings)

THE COURT: All right. Did you get copies of those, both of those reports, sir?

MR. STUBBS: Yes, one moment. Your Honor, this Indictment that has been certified and --

THE COURT: Yeah.

MR. STUBBS: -- brought back to me, this is accepted for value and honor, all endorsements front and back, and I'm returning it for value, along with my exemption of these bonds, as consideration for the discharge, full settlement and closure of this case account. I'm ordering immediate discharge and full settlement and closure of this case and account, the release of the orders of the court, and the return of all the collateral and property and surrender to me for redemption.

THE COURT: Your motion's denied.

Now, do you have a copy of the Pretrial Services Report and the Addendum, sir?

MR. STUBBS: I did get a copy of that.

THE COURT: Okay. Are you ready to proceed, then, to detention hearing, I take it, correct?

MR. STUBBS: Well, I object to these Pretrial Services Report as this was obtained under duress and with -- and non full disclosure. I do not have an attorney present, and I revoked this at the time, so anything --

THE COURT: Do you wish to be -- well, just a moment. Do you wish to be reinterviewed by Pretrial so you can provide them with more information regarding your

financial affairs, your property, your work, et cetera, for the Court to consider?

MR. STUBBS: No, I wish for the entire Pretrial information that was gathered under duress to be stricken and removed and revoked completely.

THE COURT: That request is denied.

We'll proceed to detention hearing. Does the government have any witnesses to call or any proffers to make on the issue of detention?

MS. HENDRICKSON: Yes, Your Honor, the government is going to call special Agent Karen Gurgel to talk about --

THE CLERK: I'm sorry, Your Honor. We need you closer --

THE COURT: Would you move closer to the microphone --

MS. HENDRICKSON: Sure.

THE COURT: -- please?

MS. HENDRICKSON: The government is going to call Special Agent Karen Gurgel to present about ten minutes of testimony for the Court.

THE COURT: Ms. Gurgel, if you'd come forward, please. Right up here to the witness stand.

MR. STUBBS: Your Honor, I'd request that every speaker (inaudible).

THE COURT: Pardon me?

MR. STUBBS: I would request that every speaker in this hearing be sworn in.

THE COURT: Well, I will be swearing her in.

MR. STUBBS: Okay. Thank you.

THE COURT: Give me just a moment.

Would you please raise your right hand.

KAREN GURGEL, GOVERNMENT WITNESS, SWORN

THE COURT: Kindly be seated in the witness chair, Ms. Gurgel, and would you please state your full name and spell your last name for the record, please.

THE WITNESS: Karen Gurgel, G-U-R-G-E-L.

THE COURT: you may proceed, Counsel.

MS. HENDRICKSON: Thank you, Your Honor.

And, Your Honor, do you -- is it okay if I'm here, or would you prefer if I'm at the podium?

THE COURT: Podium, please.

MS. HENDRICKSON: Okay.

THE COURT: And speak into the microphone so the Court and Mr. Stubbs can hear you, please.

DIRECT EXAMINATION

BY MS. HENDRICKSON:

Q Special Agent Gurgel, who do you work for?

A The Internal Revenue Service Criminal Investigation.

Q How long have you worked there?

A 14 years.

Q As a special agent do you investigate potential tax fraud?
A Yes.
Q Is Mr. Stubbs one of your cases?
A Yes.
Q Are you what's known as the case agent?
A Yes.
Q And does that mean that you are the one in charge of making investigative decisions and directing the investigation?
A Yes.
Q Could you just tell the Court very briefly what type of business Mr. Stubbs was in?
A He operated a business that issued possible rebates for energy efficient appliances and other items.
Q Did he operate those businesses out of Grand Junction, Colorado?
A Yes.
Q And during the years 2005 through 2007, those are the years at issue in the Indictment, what type of records did you collect during your investigation?
A Business records, bank records, we conducted interviews.
Q Okay. Did you obtain records from Mr. Stubbs' businesses?

A Yes.
Q All right. And as a result of your investigation, were you able to determine a tax loss amount?
A Yes.
MS. HENDRICKSON: Your Honor, if I may proffer to the Court --
THE COURT: Yes.
MS. HENDRICKSON: -- an exhibit?
THE COURT: Have you marked it?
MS. HENDRICKSON: Yes.
THE COURT: All right. Do you have a copy for Mr. Stubbs to review?
MS. HENDRICKSON: Let's see. For the record, I just handwrote "Government Exhibit 1."
THE COURT: That's fine.
All right. Mr. Stubbs has a copy now.
You may continue with your examination, please.
Q (By Ms. Hendrickson) And Agent Gurgel, you have a copy of that chart as well?
A Yes.
Q What is the total amount of income that was made in 2005?
A $726,640.
Q And how much tax was due on that?
A $162,708.

Q For 2006?
A Tax due?
Q I'm sorry, the income first.
A $932,780.
Q And the tax due on that for 2006?
A $301,281.
Q The unreported income for 2007?
A $601,719.
Q And the tax due?
A $182,003.
Q What is the total tax due, then, for all three years?
A $645,992.
Q And as part of the investigation, I just want to review a couple of things that are in the Indictment. Did Mr. Stubbs use bank accounts in the names of businesses to pay for his own personal expenses?
A Yes.
Q And did he also use bank accounts in the name of nominees to pay personal expenses?
A Yes.
Q And in -- did he also falsely tell a vendor that payments to his business were not income so that vendor would not issue him a 1099?
A Yes.
Q Did he also purchase coins and other metals that

totaled more than $370,000 to conceal and disguise his unreported income?

A Yes.

MR. STUBBS: Objection.

THE COURT: Just a moment. State your evidentiary grounds to your objection, sir.

MR. STUBBS: Well, she's making the statement for her.

THE COURT: That not an evidentiary ground for objection, the objection's overruled.

A Yes.

Q (By Ms. Hendrickson) During your investigation did you come across any evidence regarding issues with the State of Wisconsin and Mr. Stubbs?

A Yes.

Q What were they?

A There was a civil lawsuit filed by the State of Wisconsin for misrepresentation regarding the rebates.

Q Regarding the rebates for the products?

A Yes.

Q And was that based on the fact that there was a very low payment rate to the retail customers?

A Correct.

Q And during your investigation, what would you estimate, just a very ballpark figure, as a percentage of rebates that

were actually paid?
A Less than ten percent.
Q When did Mr. Stubbs go to Costa Rica?
A He moved there approximately December of 2008.
Q And based on the information you developed during your investigation up through today, based on what evidence you've reviewed, is it your opinion that Mr. Stubbs is permanently residing in Costa Rica?
A Yes.
Q And are you aware of him traveling back and forth to the United States?
A Yes.
Q And during those trips that he would make between 2008 and today, would they on average be of duration of about a week or two?
A Approximately, yes.
Q Okay. Do you have any basis to believe that he is living in Colorado even part time?
A No.
Q All right. And this Indictment was returned in October of 2013, correct?
A Yes.
Q And the arrest warrant was put in the system by you and other law enforcement officials?
A Yes.

Q Okay. During one of his trips to the United States, did Mr. Stubbs report that his passport was stolen?
A Yes.
Q And then was he able to get another one very quickly?
A I believe so.
Q And does he also have a Colorado driver's license right now that is still valid?
A Yes.

MS. HENDRICKSON: That's all my questions, Your Honor.

THE COURT: Mr. Stubbs, do you have any questions of Agent Gurgel, sir?

MR. STUBBS: Yes.

CROSS-EXAMINATION

BY MR. STUBBS:

Q Have we ever met?
A No, sir.
Q So -- so -- okay. Do I look like a corporation --
A No, sir.
Q -- or am I a living, breathing flesh and blood man?
A You're a man.
Q Okay. Thank you.

MR. STUBBS: That's all, Your Honor.

THE COURT: No further questions, sir?

MR. STUBBS: No further questions.

THE COURT: Any redirect on those matters?

MS. HENDRICKSON: No, Your Honor.

THE COURT: You may step down, Agent. Thank you. Any other witnesses on behalf of the government?

MS. HENDRICKSON: No, Your Honor.

THE COURT: Are you resting at this point?

MS. HENDRICKSON: Yes, just argument remains, Your Honor.

THE COURT: Are you offering Exhibit 1 into evidence?

MS. HENDRICKSON: Yes, Your Honor.

THE COURT: Any objection, Mr. Stubbs, to Exhibit 1 being received into evidence for the limited purpose of the detention hearing, sir?

MR. STUBBS: Well, there's no other supporting -- yes, I object, there's no other supporting documents or figures or anything, and there's nothing that shows that I myself as a living man and the party that is subject to these --

THE COURT: Sir, that's a run-on statement, that's not an evidentiary objection as recognized under the Federal Rules of Evidence, so your objection's overruled.

Exhibit 1 will be admitted into evidence at this point for the limited purposes of the detention hearing. The government's rested.

Now, Mr. Stubbs, do you have any witnesses to call or do you wish to testify on your own on the issue of detention? Now, I need to advise you that if you decide to testify on your own, which you're not required to do, you have a Fifth Amendment right against self-incrimination, but if you testify then you understand the government would have a right to cross-examine you on your testimony. Do you understand that?

MR. STUBBS: Yes.

THE COURT: Okay. Do you have any proffers to make or any witnesses to call?

MR. STUBBS: Well, I was not aware I'd have the opportunity to do that today, I thought today was something different, so --

THE COURT: You were told that --

MR. STUBBS: -- I would otherwise had many witnesses --

THE COURT: Well, just a moment. Judge Hegarty in his minutes indicated he advised you of that, as well as setting the matter for hearing today.

MR. STUBBS: As I stated earlier, I was under duress and was not -- I was very sleepy and very tired from the transport and was not able to -- you know, I was under extreme duress at the time, I didn't understand exactly what he was saying. I didn't under --

THE COURT: Are you saying you need a day or two?

MR. STUBBS: I could get witnesses here and get better prepared, yes, sir.

THE COURT: Okay.

MR. STUBBS: I would ask for a continuance on that basis.

THE COURT: On your part of it?

MR. STUBBS: Well, on --

THE COURT: Are your witnesses here local or what?

MR. STUBBS: They're over in Grand Junction.

THE COURT: So you're asking to, I assume, bifurcate the hearing to allow you a day or two to get your witnesses here?

MR. STUBBS: Yes, Your Honor.

THE COURT: Who are we speaking of? Is that your mother and brother as reflected in the Pretrial Services Report?

MR. STUBBS: Yes, I would have some family members here.

THE COURT: Okay. Any objection by the government to a two-day continuance until Friday?

MS. HENDRICKSON: No, Your Honor.

THE COURT: That request is granted. So we'll continue the detention hearing till Friday. The government's rested.

The Court will take judicial notice of the court file, as well as the two reports, those being the Pretrial Services Report that was originally done out of the United States District Court for the Southern District of Texas, sitting in the Houston division in Texas, and the second being the Addendum that was done by the local probation department here in the District of Colorado. The defendant is seeking additional time to present evidence at the detention hearing, which I'm granting, and we'll set the matter over for further detention hearing this Friday.

What time are we looking at, please, Ms. Miller?

THE CLERK: We can do it in the afternoon, Your Honor.

THE COURT: All right.

THE CLERK: 2:30.

THE COURT: Okay. The matter is set over till this coming Friday, June 20, 2014 at 2:30 p.m. at the request of the defendant, Mr. Stubbs, finding no objection by the government.

And then, Mr. Stubbs, make sure you have your witnesses here by 2:30 on Friday --

MR. STUBBS: Yes, sir.

THE COURT: -- if you wish to call them in the detention hearing. Is that clear, sir?

MR. STUBBS: Yes.

THE COURT: Okay. The defendant is remanded, then, to the custody of the U.S. Marshal till this Friday, June 20, 2014 at 2:30 p.m. for continued detention hearing.

The government is ordered to Judge Arguello's chambers following this hearing for trial setting, and inform her staff that Mr. Stubbs is in custody representing himself pro se at this point so that a trial date can be set and a trial preparation conference can be set, and then he'll be notified through the marshal of those dates.

MS. HENDRICKSON: Okay. Thank you, Your Honor.

THE COURT: All right. Thank you.

So you're remanded at this time till your next hearing on Friday.

(Whereupon, the within hearing was then in conclusion at 10:58 a.m. on June 18, 2014.)

I certify that the foregoing is a correct transcript, to the best of my knowledge and belief, from the record of proceedings in the above-entitled matter.

/s/ Bonnie Nikolas July 15, 2014

Signature of Transcriber Date

** WITNESS INDEX **


| | PAGE |
|---|---|
| SPECIAL AGENT KAREN GURGEL | |
| Direct Examination by Ms. Hendrickson | 23 |
| Cross-Examination by Mr. Stubbs | 29 |


** EXHIBIT INDEX **


| | OFFERED | ADMITTED |
|---|---|---|
| Government's Exhibit 1 | 30 | 30 |