IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00439-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  TIMOTHY J. STUBBS

        Defendant.

---

**DEFENDANT STUBBS' MOTION FOR SELF-REPRESENTATION BY DEFENDANT AND FOR WITHDRAWAL BY DEFENDANT'S PRESENT COUNSEL**

---

        Defendant Timothy J. Stubbs, by counsel Lynn Pierce, hereby moves this Court for an order permitting Defendant Stubbs to act as his own attorney in this case, and for counsel's withdrawal as attorney of record. In conformity with D.C.COLO.LCr 57.5D, the basis for this request is set forth as follows:

        1.      Mr. Stubbs has advised the undersigned that he wishes to exercise his right under the Sixth Amendment of the United States Constitution (as outlined in *Faretta v.California*, 422 U.S. 806 (U.S. 1975) and *United States v. Tucker*, 451 F.3d 1176 (10th Cir. 2006)) to represent himself.

        2.      Under the applicable portions of Colorado Rule of Professional Responsibility[1] 1.16(a)(3), "a lawyer . . . where representation has commenced, shall

---

[1] Under D.C.COLO.LCr 57.6, the Colorado Rules of Professional Responsibility, with exceptions not applicable here, have been adopted as the standards for practice before this Court.

withdraw from the representation of a client if . . . the lawyer is discharged", which Mr. Stubbs seeks to do here so that he may exercise his right to represent himself. The undersigned accordingly requests permission to withdraw as Mr. Stubbs' counsel of record, and requests the Court to allow Mr. Stubbs to represent himself.

3. Mr. Stubbs advised counsel on September 2, 2015, that Mr. Stubbs was requesting that she withdraw from the case and that he wished to represent himself. Also on September 2, 2015, Mr. Stubbs filed with the Court on his own behalf, a document entitled "The Treaty of the House of Stubbs."

4. Mr. Stubbs respectfully requests a "*Faretta* hearing" in order to deal with his intention to represent himself. In order properly to invoke the right to self-representation:

> [A] defendant must satisfy four requirements. First, the defendant must "clearly and unequivocally" inform the district court of his intention to represent himself. . . Second, the request must be timely and not for the purpose of delay. . . Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is "knowingly and intelligently" made. . . Finally, the defendant "must be 'able and willing to abide by rules of procedure and courtroom protocol.'"

*United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006). Mr. Stubbs believes that his situation meets all of these criteria.

5. Should the Court wish to schedule a *Faretta* Hearing on this Motion relatively quickly, we would note that the matter is already set for a status on September 8, 2015 at 2:00 p.m.  Defense Counsel is also available on Friday afternoon if the Court deems an earlier hearing necessary.

WHEREFORE, the undersigned respectfully requests that this Motion be granted, that Mr. Stubbs be permitted to represent himself and that undersigned counsel be withdrawn as counsel for Mr. Stubbs.

Respectfully submitted this 2nd day of September, 2015.

        BUTLER, LANDRUM & PIERCE, P.C.

        *s/ Lynn Pierce*
        Lynn A. Pierce #18953
        720 Kipling Street, Suite 201
        Lakewood, CO  80215
        (303) 232-3888
        lpierce.blp@comcast.net
        **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2015, a true and correct copy of the foregoing was filed via ECF, with a copy to go to all interested parties.

        s/ Lynn Pierce