**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 13-CR-439-CMA

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**TIMOTHY J. STUBBS**,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SELF-REPRESENTATION AND FOR WITHDRAWAL BY DEFENDANT'S PRESENT COUNSEL**

---

The United States, by and through Lori A. Hendrickson and Leslie A. Goemaat, Trial Attorneys, hereby responds to Defendant's Motion for Self-Representation and For Withdrawal By Defendant's Present Counsel. (Doc. 114). Based on his prior conduct while representing himself, and the fact that this second request to represent himself was made only 12 days before trial, the government respectfully submits this request is primarily made for purposes of delay and should be denied.

    I.    RELEVANT PROCEDURAL BACKGROUND

On October 21, 2013, the indictment in this case was returned and an arrest warrant was issued.

On May 22, 2014, defendant made his initial appearance in court in the Southern District of Texas following his arrest.

On May 27, 2014, a counsel determination hearing was held.

On May 29, 2014, an identity hearing was held. Defendant was remanded and scheduled to be transported to the District of Colorado.

On June 13, 2014, defendant made his initial appearance in this district before Magistrate Judge Michael E. Hegarty. According to the minute entry of the proceedings on the docket, defendant asked for a certified copy of the indictment. Defendant was asked twice if he wanted counsel to represent him or if he wished to represent himself and both times defendant did not respond to the question. Judge Hegarty then appointed advisory counsel for defendant and remanded him pending his arraignment and detention hearing scheduled for June 18, 2014 at 10:00 a.m. before Magistrate Judge Michael J. Watanabe.

On June 18, 2014, the Defendant was evasive when Judge Watanabe asked him his name:

> MR. STUBBS: I'm not the person named on that Indictment.
> THE COURT: Okay.
> MR. STUBBS: Okay. I do not accept counsel for my benefit, as was previously appointed, and that was done by the previous trustee.
> THE COURT: What is your name?
> MR. STUBBS: My name?
> THE COURT: Yeah.
> MR. STUBBS: As a proper pronoun, my name is capital T, lower case I-M-O-T-H-Y; capital J, lower case O-H-N of the family Stubbs, and that's capital S-T-U-B-B-S.
> THE COURT: So you are Timothy Stubbs?
> MR. STUBBS: No, I'm the living man and the living beneficiary of the trust, the trust known as the -- as you have it in the Indictment, the all capital spelling, Timothy J. Stubbs, who's defined as the defendant, which is the defendant trust, and I'm the living beneficiary of that trust. I am not the person charged.

(Hearing Transcript, Doc. 31 at 2).

The Defendant continued to be evasive when asked to enter a plea to the charges in the Indictment:

    THE COURT: Now, you're before the Court for arraignment. Do you wish me to reread the charges brought against you and your rights at this point, or do you recall those read to you and advised by Judge Hegarty at your previous hearing?
    MR. STUBBS: No, you don't need to reread them.
    THE COURT: And what is your pleas, then, to those charges brought against you in the Indictment, which are Counts 1 through 8 which I just went over with you?
    MR. STUBBS: Well, Your Honor, I object, there has been no ratification and commencement in the matter, and I cannot enter a plea.
    THE COURT: Okay. The Court enters a not guilty plea on your behalf to protect your constitutional rights to Counts 1 through 8, inclusive, as to all counts in the Indictment, and I will also accept your waiver of any further reading or formal advisement of rights on the Indictment.
    MR. STUBBS: Sir, I accept for value this entire matter and proceeding, then.
    THE COURT: Pardon me?
    MR. STUBBS: I accept for value this entire matter and proceeding.
    THE COURT: What does that mean?
    MR. STUBBS: Well, I'm not here to explain that to you, but –-
    THE COURT: Well, it's not -–
    MR. STUBBS: -- I do want that on the record.
    THE COURT: You can have it on the record, but it's nonsensical, so I don't understand what you're talking about.

(Hearing Transcript, Doc. 31 at 16-17).

The following excerpt is also from the first detention hearing on June 18, 2014, and demonstrates the Defendant's continuing refusal to answer basic questions:

    THE COURT: Any objection, Mr. Stubbs, to Exhibit 1 being received into evidence for the limited purpose of the detention hearing, sir?
    MR. STUBBS: Well, there's no other supporting – yes, I object, there's no other supporting documents or figures or anything, and there's nothing that shows that I myself as a living man and the party that is subject to these –-
    THE COURT: Sir, that's a run-on statement, that's not an evidentiary objection as recognized under the Federal Rules of Evidence, so your objection's overruled. Exhibit 1 will be admitted into evidence at this point for the limited purposes of the detention hearing.

(Hearing Transcript, Doc. 31 at 30).

On July 8, 2014, attorneys Kenneth Eichner and Lynn Hartfield entered their appearances on behalf of the Defendant.

3

On August 7, 2014, another detention hearing was held at the request of the Defendant which lasted approximately two hours. Judge Watanabe ordered the Defendant released on a secured $500,000 bond. (Doc. 48).

On August 13, 2014, the Defendant was released on bond. (Docs. 59, 60 and 61).

On August 25, 2014, defense counsel Eichner and Hartfield filed an Amended Motion to Withdraw as Attorney. (Doc. 67).

On September 16, 2014, after a hearing was held the Court permitted defense counsel Eichner and Hartfield to withdraw. (Doc. 76).

On September 30, 2014, the Court granted the Defendant's oral motion on September 16, 2014 to have counsel appointed for him. (Doc. 79).

On October 1, 2014, the Court appointed counsel Lynn Anne Pierce to represent the Defendant. (Doc. 80).

On January 15, 2015, a status hearing was held. Trial in this matter was set for September 14, 2015. (Doc. 93).

On September 2, 2015, Defendant's Motion for Self-Representation and for Withdrawal by Defendant's Present Counsel was filed. (Doc. 114).

II.  LAW

The constitutional right to represent oneself in a criminal trial is conditioned upon a knowing, voluntary, and intelligent waiver of the right to be represented by counsel. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Mackovich*, 209 F.3d 1227 (10th Cir. 2000). There are several conditions which must be met prior to permitting a defendant to represent himself:

1) He must clearly and unequivocally assert his intention to represent himself;

2) The request must be timely and not for purposes of delay;

3) The court must conduct a formal inquiry to determine if the defendant is knowingly and intelligently waiving his right to counsel; and

4) The defendant must be willing to abide by rules of procedure and courtroom protocol.

*See Mackovich*, 209 F.3d at 1236; *United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006); *United States v. Smith,* 413 F.3d 1253, 1279 (10th Cir. 2005); *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

It is imperative that a defendant's decision be clear and unequivocal to both protect a defendant from inadvertently waiving his right to counsel and to prevent a defendant from manipulating the system in hopes of winning reversal of a conviction on appeal. *See United States v. Reddeck*, 22 F.3d 1504, 1510 (10th Cir. 1994) ('We have repeatedly shown concern with the use of the right to waive counsel as a 'cat and mouse' game with the courts'); and *United States v. Allen*, 895 F.2d 1577, 1578 (10th Cir. 1990) (internal quotations omitted). The *Mackovich* court reasoned that:

> In ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a 'constitutional primacy' to the right to counsel because this right serves both the individual and collective good, as opposed to only the individual interests served by protecting the right of self-representation." *United States v. Frazier–El*, 204 F.3d 553, 559 (4th Cir. 2000) quoting *United States v. Singleton*, 107 F.3d 1091, 1102 (4th Cir.1997)); *see generally* Martinez v. Court of Appeal of Cal., 528 U.S. 152, 120 S.Ct. 684, 691, 145 L.Ed.2d 597 (2000) ("Even at the trial level, ... the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.").

*Mackovich*, 209 F.3d at 1237.

### III. DISCUSSION

The facts here are similar to both the *Smith* case and the *Mackovich* case. In *Smith,* the Tenth Circuit affirmed the district court's denial of the defendant's request to represent himself. First, the record showed that Smith was not willing to abide by rules of procedure and courtroom protocol. Second, his request was untimely as it was made only six days before trial in a case which had been pending for almost one year. In *Mackovich,* defense counsel filed a motion to withdraw 11 days before trial which was denied by the district court because it was deemed untimely and an effort to delay the trial.

In this case, the Defendant initially represented himself during his arraignment and three detention hearings. He repeatedly would not answer simple questions posed to him by Magistrate Watanabe, so there is no realistic hope that he will conduct himself appropriately in front of a jury, especially when he will be required to comply with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. In July 2014, Defendant retained attorneys Kenneth Eichner and Lynn Hartfield and then fired them two months later after he was released from prison. Defendant then requested, and this Court granted, appointment of current defense counsel. Now on the eve of trial (a trial date that was set nine months ago), the Defendant has changed his mind yet again and apparently wishes to represent himself. This back-and-forth is exactly the type of manipulation the Tenth Circuit does not countenance, especially a last-minute request which appears to be principally for purposes of delay.

The government and the public are entitled to proceed to trial when all parties have had plenty of time to prepare for a trial that is expected to last less than five days. The

government is ready to proceed to trial and has already made travel arrangements for five out-of-state witnesses and four witnesses who are outside of the Denver metropolitan area.

IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion for Self-Representation and for Withdrawal by Defendant's Present Counsel should be denied

DATED this 4th day of September, 2015.

                                      Respectfully submitted,

                                      CAROLINE D. CIRAOLO
                                      Acting Assistant Attorney General
                                      Department of Justice, Tax Division

                                  By:    *s/ Lori A. Hendrickson*
                                          LORI A. HENDRICKSON
                                          Trial Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of September, 2015, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SELF-REPRESENTATION AND FOR WITHDRAWAL BY DEFENDANT'S PRESENT COUNSEL with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following individual:

>Lynn Anne Pierce
>Email: lpierce.blp@comcast.net

>*s/ Lori A. Hendrickson*
>LORI A. HENDRICKSON
>Trial Attorney
>Tax Division, Criminal Enforcement
>601 D St NW
>Washington, DC 20530
>Phone: (202) 514-2174
>Email: lori.a.hendrickson@usdoj.gov
>Attorney for the United States